# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV413-208 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

CSX Transportation, Inc. (CSX) sued the United States in tort and contract based upon the U.S. Army's failure to secure several of CSX's rail cars that were looted by local thieves, causing substantial losses. Doc. 14. The government moved to dismiss, arguing that CSX's tort claim fails and that its contract claim can only be litigated in the Court of Federal Claims (CFC). Doc. 17. It also moved to stay all discovery pending a ruling on the dismissal motion. Doc. 25. This Court denied that stay motion, doc. 27, and the government now moves to reconsider.[1]

---

[1] A motion for reconsideration is appropriate if the moving party can show: "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or

Doc. 31.

The government sought the stay to "allow the parties to determine what cause of action will be litigated and in what court, and [thus] focus and narrow the scope of discovery." Doc. 25 at 2. But "there is no question," this Court concluded, "that the case will survive defendant's motion to dismiss in one forum or the other," so a *discovery* stay was not appropriate (for discovery will not be "wasted"). Doc. 27 at 2. Now the government insists that CSX could have filed its contract claim with the CFC, that this Court otherwise lacks jurisdiction to hear such a claim since it exceeds $10,000 in value, and that in any event CSX should go the CFC route, though it first must make a demand from the "contracting officer," doc. 31 at 3, for "which [CSX] may be paid, relieving the [government] and this Court of the burden of addressing this lawsuit further." Doc. 36 at 2.

Boiled down, the government insists that CSX must administratively exhaust its contract claim under the Contract Disputes

---

prevent manifest injustice." *Pennamon v. United Bank*, 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009). "[A] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined." *Id.* (quoting *Am. Ass'n of People with Disabilities v. Hood*, 278 F.Supp.2d 1337, 1340 (M.D. Fla.2003)); *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).

Act (CDA), 41 U.S.C. § 7101 *et seq.*, while CSX counters that the CDA applies only to procurement contracts, not the agreement at issue here. Doc. 34 at 3. And even were that the case, CSX further contends, its claim accrued in 2011, so it has *years* to travel the CDA route. Doc. 34 at 3; *see also* 41 U.S.C. § 7103(a)(4)(A) ("Each claim by a contractor against the Federal Government relating to a contract . . . shall be submitted within 6 years after the accrual of the claim."); *Affiliated Construction Group, Inc. v. United States*, 115 Fed. Cl. 607, 614 n. 8 (Fed. Cl. 2014) ("the CDA's statute of limitations is subject to tolling").

The discovery obtained here, if favorable, could help CSX obtain the relief it seeks without burdening the CFC with a new contract action. Hence, it most likely would not be wasted. More fundamentally, a "preliminary peak" at the motion to dismiss suggests that CSX's tort claims may survive.[2] For that matter, the CFC lacks jurisdiction to hear tort claims, while this Court does not. *Capelouto v. United States*, 99 Fed. Cl. 682, 688-89 (Ct. Cl. 2011). The dispute is hardly as clear-cut as

---

[2] CSX asserts that even after putting the Army on notice that certain items were stolen from its railcars held at two unprotected rail sidings, the Army failed to take any additional steps to secure the railcars, which caused further losses. Doc. 14 (amended complaint); doc. 18 at 3-4 (response to summary judgment motion). While the United States insists that any "duty" arose solely from the parties' contract, it is not certain that defendant will prevail on this point. *See* doc. 18 at 17-19 (CSX's explication of its independent, bailment-based tort claim -- a showing not rebutted by the government, doc. 36).

3

defendant represents. Defendant's motion for reconsideration (doc. 31) is therefore **DENIED**.

**SO ORDERED** this 30th day of June, 2014.

*/s/ M. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA