FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2014 SEP 30 AM 10:46
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CSX TRANSPORTATION, INC., )
)
    Plaintiff, )
)
v. ) CASE NO. CV413-208
)
UNITED STATES OF AMERICA, )
)
    Defendant. )
)

## O R D E R

Before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 17), to which Plaintiff has filed a response (Doc. 18). Both parties have also filed numerous replies and sur-replies. (Doc. 22; Doc. 32; Doc. 38; Doc. 40; Doc. 42.) For the reasons that follow, Defendant's motion is **GRANTED**. However, the alternative relief sought in Plaintiff's response is also **GRANTED** and the Clerk of Court is **DIRECTED** to **TRANSFER** this case to the Court of Federal Claims. Because this action is transferred pursuant to 28 U.S.C. § 1631, the Court makes no ruling on the factual arguments presented in Defendant's motion. Upon transfer, the Clerk of Court is **DIRECTED** to close this case. All other pending motions in this case are **DISMISSED AS MOOT**.

**BACKGROUND**

On or about October 8, 2010, Plaintiff, an interstate rail carrier, delivered forty-four railcars to Defendant.[1] (Doc. 18 at 3.) Contained within the railcars were pieces of equipment necessary for their use and operation. (Id.) After receiving the railcars, Defendant eventually moved twenty-two of them to a railcar storage area known as "Shaw Road" in Hinesville, Georgia. (Id.) A further eleven railcars were moved to a storage area known as the "Beer Joint," also in Hinesville, Georgia. (Id.) Neither area was fenced off, and crimes of theft and vandalism had previously been reported in both areas. (Id.)

Prior to Defendant's acceptance of the railcars, Plaintiff and Defendant entered into a contract whereby Defendant assumed responsibility for any damages that may occur to the railcars or their contents, even if such damages were caused by third parties. (Id. at 5.) On or about April 14, 2011, however, Plaintiff discovered that some of its equipment had been stolen from the railcars stored at both the Shaw Road and Beer Joint

---

[1] For the purposes of this motion, Plaintiff's allegations set forth in its amended complaint will be taken as true. See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009).

locations. (Id. at 4.) Plaintiff reported the theft to Defendant, but the railcars were not relocated. (Id.) Further thefts occurred in or around May of 2011. (Id.)

On October 3, 2012, Plaintiff filed an administrative claim with Defendant, seeking damages for losses caused by the prior thefts. (Id. at 5.) Defendant denied Plaintiff's claim on March 13, 2013. (Id.) Thereafter on September 12, 2013, Plaintiff filed suit in this court. (Doc. 1.) Plaintiff filed an amended complaint on December 20, 2013, pursuing relief in both contract and tort. (Doc. 14.) Both claims request damages in the amount of $267,238.14 for Defendant's failure to protect Plaintiff's railcars from theft. (Id.) On January 3, 2013, Defendant moved to dismiss Plaintiff's amended complaint for lack of subject matter jurisdiction, arguing that the action is time-barred and that the dispute is one of contract, rather than tort, and thus under the exclusive jurisdiction of the Court of Federal Claims. (Doc. 17.)

**ANALYSIS**

I. <u>STANDARD OF LAW</u>

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed

3

factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Aschroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).[2] "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678 (internal quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id.

Normally, when the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." Sinaltrainal, 578 F.3d at 1268. That is, "[t]he rule 'does not impose a

---

[2] Iqbal makes clear that Twombly has been the controlling standard on the interpretation of Federal Rule of Civil Procedure 8 in all cases since it was decided. Iqbal, 556 U.S. at 684 ("Though Twombly determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8 . . . [that] in turn governs the pleading standard in all civil actions and

4

probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545).

II. PLAINTIFF'S CONTRACT CLAIM IN COUNT TWO

In its motion, Defendant argues that Plaintiff's contract claim should be dismissed because the Court of Federal Claims has exclusive jurisdiction for contract claims in excess of $10,000. (Doc. 17 at 11.) Plaintiff responds that the action was first brought without the contract claim, and its addition in Plaintiff's amended complaint cannot divest the Court of jurisdiction over this case. (Doc. 18 at 19-21.) In the alternative, Plaintiff contends that, if the Court finds it does not have jurisdiction over Plaintiff's contract claim, it should transfer this case to the Court of Federal Claims. (Id. at 21-22.)

Normally, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586, (1941). Pursuant to the Tucker Act, the United States has waived this immunity for claims based

---

proceedings in the United States district courts." (internal

5

"upon any express or implied contract with the United States, or for liquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, the Court of Federal Claims has exclusive jurisdiction for such contract claims seeking in excess of $10,000. Begner v. United States, 428 F.3d 998, 1002 (11th Cir. 2005). District courts, such as this one, are limited to hearing contract claims against the United States involving damages of only $10,000 or less. 28 U.S.C. § 1346(a)(2).

Here, Plaintiff's contract claim seeks damages in the amount of $267,238.14 and, accordingly, clearly falls within the exclusive jurisdiction of the Court of Federal Claims. Plaintiff's argument to the contrary relies on the general principle that jurisdiction is dependent on " 'the state of things at the time of the action brought.' " (Doc. 18 at 19 (quoting Mullen v. Torrance, 22 U.S. 537, 539 (1824)).) Plaintiff argues that its addition of a contract claim in the amended complaint does not divest the Court of subject matter jurisdiction because such a claim was not included in its original complaint. (Id. at 20.)

---

quotations and citations omitted)).

However, "[a] plaintiff cannot avoid the jurisdictional limitations of the Tucker Act . . . by artful pleading." Friedman v. United States, 391 F.3d 1313, 1315 (11th Cir. 2004) (citing Megapulse, Inc. v. Lewis, 672 F.2d 959, 967 (D.C. Cir. 1982)). Accordingly, the Court will not allow Plaintiff to circumvent obvious jurisdictional requirements simply by adding in its prohibited claims after initiating this action. Furthermore, even assuming the Court had jurisdiction over this case when it was first filed,[3] there nevertheless exists no means by which the Court could now extend supplemental jurisdiction over Plaintiff's contract claim. Indeed, where a plaintiff brings both a claim under the tort action and a Tucker Act claim, "the district court is powerless to entertain the [contract] claim." See Ware v. United States, 626 F.2d 1278, 1287 (5th Cir. 1980).[4] Quite simply, there is no way Plaintiff may pursue its contract claim in this Court. See Rease v. Harvey, 238 F. App'x 592, 495 (11th Cir. 2007) (district court

---

[3] The Court, however, concludes that Plaintiff's alleged tort claim is fully dependent on its contractual rights, and the entire case should be transferred to the Court of Federal Claims. See Analysis.III-IV.

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

properly dismissed Tucker Act claim because relief sought was greater than $10,000).

III. PLAINTIFF'S TORT CLAIM IN COUNT ONE

Defendant has also moved to dismiss count one of Plaintiff's amended complaint, arguing that it "sounds in contract rather than tort." (Doc. 17 at 8.) Accordingly, Defendant argues, count one is subject to the same Tucker Act jurisdictional restrictions as discussed above. (Id. at 9-10.) Plaintiff responds that although it does allege a contract between the parties, its tort claim is separate and distinct from any contractual duty it seeks to impose on Defendant. (Doc. 18 at 15-16.)

If a claim is " 'essentially for breach of a contractual undertaking, and the liability, if any, depends wholly upon the government's alleged promise, the action must be under the Tucker Act, and cannot be under the Federal Tort Claims Act.' " Wood v. United States, 961 F.2d 195, 198 (Fed. Cir. 1992) (quoting Woodbury v. United States, 313 F.2d 291, 295 (9th Cir. 1963)). Accordingly, where a plaintiff seeks to assert a tort claim naturally stemming from a breach of contract, " 'the cause of action is ultimately one arising in contract, and thus is properly within the exclusive jurisdiction of the Court of

8

Federal Claims to the extent that damages exceed $10,000.'" Friedman v. United States, 391 F.3d 1313, 1314 (11th Cir. 2004) (quoting Awad v. United States, 301 F.3d 1367, 1372 (Fed. Cir. 2002)). Furthermore, a plaintiff may not simply recast a contract claim as a tort claim, or allege tangential or dependent tort claims as a means to avoid the jurisdictional limitations of the Tucker Act. See id. at 1315.

In its amended complaint, Plaintiff asserts generally that Defendant "owed [Plaintiff] a duty to exercise ordinary care to protect the railcars from foreseeable third-party criminal acts." (Doc. 14 at 4.) Although it is unclear from the amended complaint under what tort theory Plaintiff is actually seeking relief, Plaintiff asserts in its response that such a duty is imposed by both Georgia bailment law and general land owner liability. (Doc. 18 at 18.) Plaintiff contends that Defendant owed it a "public duty" independent of contract to protect its property because Defendant was the carrier and custodian of that property. (Id.) Plaintiff also reasons that Defendant, as the landowner upon which the harm occurred, "'has a duty to exercise ordinary care to guard against injury from dangerous characters.'" (Id. (quoting Norby v. Heritage Bank, 284 Ga. App. 360, 361, 644 S.E.2d 185, 187 (Ga. App. 2007)).)

However, even if the Court were to assume Georgia bailment law or landowner liability could potentially allow a tort action in this matter, it does not alter the fact that Plaintiff is seeking the same relief for the same harm in both claims. Such belies Plaintiff's assertion that the claims are "separate and distinct" (Doc. 18 at 15), and Plaintiff may not recover twice for the same harm simply by suing under alternate theories. In addition, any potential duty Defendant had to safeguard Plaintiff's property as either a bailor or landowner is purely dependent on a contract, either express or implied, whereby Defendant accepted custody of Plaintiff's property onto its premises. Accordingly, the Court fails to see how Plaintiff's tort claim could possibly be "independent of any contract between the parties." (Doc. 18 at 18.)

The Court finds Plaintiff's procedural maneuvering nothing more than an attempt to have its cake and eat it to. Plaintiff does not want to let go of the possibility of raising a tort action because Defendant has refused to stipulate that the parties have an enforceable contract. (Doc. 18 at 12.) Fearing that Defendant would argue in the Federal Court of Claims that this action is actually one of tort, Plaintiff attempts to portray both its claims as independent of one another in an

attempt to preserve all potential avenues for relief. Such concerns are outside the scope of the Court's determination of its subject matter jurisdiction, however, and the Court finds Plaintiff's arguments both transparent and without merit. Although Plaintiff purports to bring its suit pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, the Court concludes the tort claim described in count one of Plaintiff's amended complaint actually stems from Plaintiff's alleged contract with Defendant. Accordingly, the Court finds it does not have subject matter jurisdiction over this claim because it is subject to the same Tucker Act jurisdictional limitations as described earlier.

IV. TRANSFER OR DISMISSAL

Finding that it lacks subject matter jurisdiction, the Court must now decide what to do with this case. Plaintiff contends that if jurisdiction for its claims is not proper before this Court, "the appropriate action by the Court would be to transfer [Plaintiff's] action, not dismiss it."[5] (Doc. 18 at

---

[5] Plaintiff appears to argue against itself with regard to transfer, as it also contends that transfer to the Court of Federal Claims would be inappropriate because its tort claim is separate and distinct from its contract claim. (Doc. 18 at 15-19.) However, because the Court concludes that the alleged tort claim is not independent of Plaintiff's contract claim, the issue is moot. See also Loveladies Harbor, Inc. v. United

11

21.) Where a Court determines that it does not have jurisdiction over a case, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631. Arguing that the Court should dismiss the action, Defendant responds that Plaintiff has not exhausted its administrative remedies under the Contracts Disputes Act, and thus Plaintiff's claims are not ripe for review by the Court of Federal Claims. (Doc. 32.)

Because this Court has determined it does not have subject matter jurisdiction over this action, it is inappropriate to consider Defendant's factual objection to suit in another court. If Plaintiff's claims are barred for procedural defects, or for any other reason, this determination is best left for the Court of Federal Claims. Accordingly, the Court is unable to discern any reason why this action should not be transferred pursuant to § 1631. Upon transfer, Defendant may reassert its argument.

---

States, 27 F.3d 1545, 1551 (Fed. Cir. 1994) (Court of Federal Claims will not consider claims arising from same operative

## Conclusion

For the reasons that follow, Defendant's Motion to Dismiss (Doc. 17) is **GRANTED**. However, the alternative relief sought in Plaintiff's response is also **GRANTED** and the Clerk of Court is **DIRECTED** to **TRANSFER** this case to the Court of Federal Claims. Because this action is transferred pursuant to 28 U.S.C. § 1631, the Court makes no ruling on the factual arguments presented in Defendant's motion. Upon transfer, the Clerk of Court is **DIRECTED** to close this case. All other pending motions in this case are **DISMISSED AS MOOT**.

SO ORDERED this 29th day of September 2014.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

facts and seeking the same relief as parallel claims in district court).